(64 Misc. Rep. 440.)

In re CHAPMAN et al.

(Supreme Court, Special Term, Chemung County. September, 1909.)

1. INTOXICATING LIQUORS (§ 115*)—REVOCATION OF LICENSE—CURTAIN AT WINDOW.

Under Liquor Tax Law (Consol. Laws, c. 34) § 30, subd. "h," a partial covering of a window by a curtain, in a room in which liquors are sold, is a violation of the law, though an unobstructed view is left through other portions of the window.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 125; Dec. Dig. § 115.*]

2. INTOXICATING LIQUORS (§ 114*)—VIOLATION OF STATUTE—DISPLAYING CERTIFICATE.

The statute providing that a liquor tax certificate shall be displayed in a window facing the street, on which a door opened into a room in which liquors are, sold, is violated by placing the certificate on the wall in the room, though it can be plainly seen thereon through a portion of a window not covered by curtains.

[Ed. Note.—For other cases. see Intoxicating Liquors, Cent. Dig. § 124; Dec. Dig. § 114.*]

Application by Harrison S. Chapman and others for revocation of liquor tax certificate of Thomas Moroney. Certificate revoked.

F. H. Miller, for petitioners.
M. O'Connor, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

GLADDING, J. The petition in this matter charges that the liquor tax law (Consol. Laws, c. 34) was violated by the holder of the certificate: (1) By having curtains covering the windows during Sunday, May 2, 1909, in violation of subdivision "h" of section 30. (2) By not displaying the certificate in the window as provided by section 19.

It is not denied that some portions of the windows were covered with curtains at the time mentioned; but it is claimed by defendant that, through other portions of the windows not covered by the curtains, a person passing the place would have a full view from the sidewalk of the bar and room where liquors were sold. The evidence sustains this claim, and thus the legal question is raised whether such a condition is a violation of subdivision "h" of section 30.

Prior to 1908 the statute read:

"It shall not be lawful * * * to have during the hours when the sale of liquor is forbidden any screen or blinds, or any curtain or article or thing covering any part of any window, or to have in any window or door any opaque or colored glass that obstructs or in any way prevents a person passing from having a full view from the sidewalk * * * of the bar and room or any part of such bar and room in such building where liquors are sold or kept for sale; or to traffic in liquors in any interior bar or room or place not having clear glass through which * * * a clear unobstructed view * * * can be had."

Under the statute as it then stood it has been held that a partial covering of a window by a curtain, which left a full and unobstructed view through other portions of the window and through other windows not covered, was not such a violation of the act as required a revocation of the certificate. After such decisions were made, and presumably in view of them, the Legislature of 1908 amended subdivision "h" of section 30 above quoted, by changing a comma, after the word "window" in the first paragraph, to a semicolon.

In my opinion the change was made for the purpose of requiring a more technical construction and rigid enforcement of the provision prohibiting screens, blinds, or curtains to cover any part of the windows. I am satisfied by the evidence that the curtains over the windows in question did, in a measure, darken the room, and to some extent "obstruct * * * a full view from the sidewalk" of the bar and room where liquors were sold, although they did not wholly prevent such view.

The other allegation, that the certificate was not "displayed in the window," is controverted only by showing that it was on the west wall, about one foot from the window, and could be plainly seen through that portion of the window not covered by the curtains. This is not a compliance with the statute in respect to the defendant's place of business, which has "a door opening from the street into the room * * * and a window facing the street upon which such door opens." The positive commands of the statute are that the certificate—

"shall be at all times displayed in a conspicuous place in the room or bar where the traffic in liquors is carried on, * * * *but if there be a door opening from the street into the room* * * * *and a window facing the street upon which such door opens, such certificate* shall be displayed in such window."

119 N.Y.S.—23

The defendant's place is described by the words underscored, and keeping the certificate upon the wall of the room, instead of "in such window," was a plain violation. The Legislature, or framers of the act, doubtless had some reason for making this distinction, with reference to the conspicuous position of the certificate, between a barroom with a door opening from the street and one which had not such a door. It is not for the courts to inquire whether the reason was a good one, or a necessary one, but only to see to it that the plain provisions of the act are enforced.

I believe that the certificate holders who are granted a special privilege to deal in liquors, from which business all others are excluded, should be required to observe and conform strictly, and even technically, to the conditions prescribed, which conditions are set forth in the statute with much detail, and with an evident effort to make them as explicit and mandatory as human language will permit. If the nonperformance of a plain provision is to be ignored because, perchance, it has not been proven that a sale of liquor during prohibited hours was effected by reason of it, where is the line to be drawn? In this particular case it may be a hardship; but the earlier it becomes well understood by all certificate holders that every requirement regulating the business must be strictly lived up to, the better it will be for them as a class.

The certificate should be revoked upon both grounds alleged in the petition, with costs to the petitioners, to be taxed as in a special proceeding.

Certificate revoked, with costs to petitioners.